Welch, J.
The plaintiffs in error insist, in the first place, that the finding of the court was against the evidence, and that there was error in the refusal of a new trial on that ground. It seems to us otherwise. On its face, and unexplained by clear and satisfactory evidence, the transaction was a mere device, under the form of a sale to Parker, and a sale by him to Mrs. Riddle, to vest this property in Mrs. Riddle, her husband, and his children, at the lowest price for which it could legally be obtained. The only explanation offered, to relieve the transaction from the undeniable badges of fraud apparent upon its face, is the testimony of Mrs. Riddle and Mr. Parker, to the effect that they .acted bona fide, and without preconcert with the administrator. The court below had these witnesses before them, and we are quite .unable, especially in .the absence of these and the other witnesses, to say that their explanation was sufficient to relieve the case from these pregnant indicia of fraud. It may be that the parties did not intend to practice what they considered a fraud. But we are entirely unable to say that the court was wrong in holding that they meant to practice what the law calls a fraud — to do by indirection that which the law forbids, under *580 the form of doing' that which the law permits. In so-holding, the court merely decided a question of fact, and’ we are unable to say, from the record, that the decision was erroneous.
It is also insisted that the court erred in rendering a decree not prayed for in the petition. The substance of the-prayer of the petition was that the title should be restored to-the heirs. The specific prayer was that this should be-done by cancellation of the deeds made by the administrator and by Parker. The decree effects the same result by a re-conveyance. Besides, the petition contained also a prayer for general relief, under which it is quite plain to us that the court might properly make the decree in question. And surely the plaintiffs in error are not injured by that part of the decree which requires the heirs to refund to-Mrs. Riddle that part of her money which went into the "hands of the administrator for the benefit of creditors of the estate. "We think this was but justice to her — the fraud* at least on her part, being rather constructive than actual, and her money having thus relieved the estate to that amount from the liens of creditors for the benefit of the-heirs.
Counsel also claim that the right of action was barred by the statute of limitations. Without undertaking to decide the question argued by counsel, as to which of the clauses or provisions of the statute governs such a case, it is sufficient to say that one of the heirs is admitted to have been-a minor when the action was commenced, and that, in a-case like this, the saving of the rights of one is necessarily the saving of the rights of all.

Motion overruled.

McIlvaine, White, and Res, JJ., concurring. Day, C. J.y dissented.-